Leech,
dissenting: In my judgment, the theory upon which the majority opinion is supported, is not tenable. That theory seems to be that Rayben Limited, organized for the purpose of avoiding income taxes by its incorporator, but still existing and now owning the assets and business of that incorporator, Kaspare Cohn Co., shall be recognized for income tax purposes in a sale of its corporate property, merely as agent of its stockholders and shall there be deemed, only, a “fictional corporate camouflage * * * device to escape taxation”, where such sale was conceived by its organizer before its incorporation, although no contract to sell then existed.
In my judgment, the legality of the corporate status and acts of Rayben Limited, its continued existence and present ownership of the proceeds of the disputed sale, contradict conclusively any such fictional characteristic. Nor does any authority cited in the majority opinion, or otherwise, so far as I know, justify the limitation of recognition of a corporation as a separate entity, in the status of principal, to those of its acts which were conceived after its incorporation. And, although conceding “that a taxpayer has the legal right to decrease the amount of what otherwise would be its taxes by means which the law permits”, the conclusion of the prevailing opinion nullifies that conceded rule.
*672 Moreover, I do not think a conclusion resulting in a deficiency in these proceedings can be sustained on any sound legal ground.
The purpose in organizing Rayben Limited is not material here. Cf. Gregory v. Helvering, 293 U. S. 465. The record discloses that the stocks in question were legally, effectively, and unconditionally transferred to a corporation in exchange for all of the stock of that corporation. The Revenue Act of 1926, section 203 (b) (4),[1] is unambiguous. In my opinion, it is controlling. It may have been a legislative mistake that, under this act, the gain from such a transaction as is presented should escape tax. But that mistake, particularly in a taxing statute, affords the Board no proper authority for supplying, as it seems to me the majority opinion does, what Congress omitted. That Congress realized that this very so-called “serious loophole for avoidance of taxes” existed under the applicable revenue act, supra, is clearly established by the Report of the Ways and Means Committee to the House of Representatives, accompanying the Revenue Act of 1932.[2] That legislation could and did supply the omission which Congress recognized existed in the earlier law.[3]

 RECOGNITION OF GAIN OR LOSS FROM SALES AND EXCHANGES.
Sec. 203. (b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock Or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

 House of Representatives, 72d Congress, 1st sess., Rept. No. 708, p. 20 :
Property may be transferred to foreign corporations without recognition of gain under the exchange and reorganization sections of the existing law. TMs constitutes a serious loophole -for avoidance of taxes. Taxpayers having large unrealized profits in securities may transfer such securities to corporations organized in countries imposing no tax upon the sale of capital assets. Then, by subsequent sale of these assets in the foreign country, the entire tax upon the capital gain is avoided. For example, A, an American citizen, owns 100,000 shares of stock in corporation X, a domestic corporation, which originally cost him $1,000,000 but now has a market value of $10,000,000. Instead of selling the stock outright A organizes a corporation under the laws of Canada to which he transfers the 100,000 shares of stock in exchange for the entire capital stock of the Canadian company. TMs transaction is a nontaxable exchange. The Canadian corporation sells the stock of corporation X for $10,000,000 in cash. The latter transaction is exempt 'from tax under the Canadian law and is not taxable as United States income under the present law. The Canadian corporation organizes corporation Y under the laws of the United States and transfers the $10,000,000 cash received from the sale of corporation X’s stock in exchange for the entire capital stock of Y. The Canadian corporation then distributes the stock of Y to A in connection with a reorganization. By this series of transactions, A has had the stock of X converted into cash and now has it in complete control. [Emphasis supplied.]

 SEC. 112. RECOGNITION OF GAIN OR' LOSS.
(k) Foreign Corporation. — In determining the extent to which gain shall be recognized in the case of any of the exchanges or distributions (made after the date of the enactment of this Act) described in subsection (b) (3), (4), or (5), or described-in so much of subsection (c) as refers to subsection (b) (3) or (5), or described in subsection (d) or (g), a foreign corporation shall not be considered as a corporation unless, prior to such exchange or distribution, it has been established to the satisfaction of the Commissioner that such exchange or distribution is not in pursuance of a plan having as one of its principal purposes the avoidance of Federal income taxes.